UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A̲LONDA L. M̲ORGAN,

       Plaintiff,                           Hon. Paul L. Maloney

v.                                                        Case No. 1:21-cv-449

G̲EO G̲ROUP I̲NC., et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

     This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 30). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

     Plaintiff, proceeding pro se, initiated this action in state court against the United States Bureau of Prisons (BOP) and Geo Group Inc. (ECF No. 1). In her complaint, Plaintiff alleges that the events giving rise to this action occurred while she was employed as an "education instructor" at the Northlake Correctional Facility, a facility operated by the BOP. Plaintiff alleges that for several months in 2020, she experienced unlawful discriminatory behavior. In addition to asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964, Plaintiff alleged multiple state law claims. Plaintiff's claims against Defendant Geo Group have already been

dismissed. (ECF No. 35). The Court also dismissed Plaintiff's claims against the BOP save her claims of employment discrimination. (ECF No. 29). Defendant BOP now moves for summary judgment on these remaining claims. Plaintiff has failed to respond to Defendant's motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."

*Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Federal employees may seek relief under Title VII, but only if they satisfy "rigorous administrative exhaustion requirements and time limitations." *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *see also*, *Bryant v. Wilkie*, 834 Fed. Appx. 170, 173 (6th Cir., Nov. 4, 2020) (same). Specifically, Plaintiff was obligated to contact an EEO Counselor "within 45 days" of the allegedly discriminatory conduct. *McFarland*, 307 F.3d at 406; *Bryant*, 834 Fed. Appx. at 173. Defendant has presented evidence that Plaintiff, as of July 14, 2021, had failed to contact the EEOC. (ECF No. 31-1, PageID.215). Plaintiff has failed to respond to the present motion and has, therefore, failed to create a genuine factual dispute on this point.[1] Accordingly, Plaintiff's employment discrimination claims are subject to dismissal.

---

[1] Plaintiff's apparent failure to file any charge with the EEOC would appear to preclude her remaining claims. *See, e.g., Garcimonde-Fisher v. Area203 Marketing, LLC*, 105 F.Supp.3d 825, 835 (E.D. Tenn. 2015) ("[f]iling an EEOC charge is a condition precedent to filing suit under Title VII"). Defendant has not, however, advanced this argument, and instead relies on the "45-day argument" identified herein. Accordingly, the Court expresses no opinion regarding the impact, if any, of Plaintiff's apparent failure to file any charge with the EEOC.

The Court recognizes that the EEOC's exhaustion requirement is not jurisdictional and is subject to equitable tolling, waiver, and estoppel. *See McFarland*, 307 F.3d at 406. None of these exceptions, however, apply in the present circumstance. Regarding equitable tolling, Plaintiff bears the burden to establish that she is entitled to such relief. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). By failing to even respond to the present motion, however, Plaintiff has waived any claim to equitable tolling. *See Jones v. Natural Essentials, Inc.*, 740 Fed. Appx. 489, 494 (6th Cir., July 20, 2018).

For estoppel to apply, Plaintiff must establish that she failed to satisfy the EEOC's exhaustion requirement because of a misrepresentation on which she reasonably relied. *See, e.g., Michigan Express, Inc. v. United States*, 374 F.3d 424, 427 (6th Cir., June 29, 2004); *see also*, *Powers v. United States & Secretary of Department of Health and Human Services*, 2020 WL 4587415 at *10 (E.D. Mich., Apr. 6, 2020). Plaintiff bears a "very heavy burden" to establish that Defendant should be estopped from asserting the defense of exhaustion. *Michigan Express*, 374 F.3d at 427. At a minimum, Plaintiff must "demonstrate some affirmative misconduct" by Defendant. *Ibid.* By failing to respond to the present motion, Plaintiff has failed to establish that she is entitled to estoppel.

Finally, waiver applies where the EEOC "decides the complaint on the merits without addressing the untimeliness defense." *Kurtz v. McHugh*, 423 Fed. Appx. 572, 577 (6th Cir., May 18, 2011). As there is no evidence that Plaintiff submitted a complaint to the EEOC, there is likewise no evidence that the EEOC addressed the merits of any complaint by Plaintiff. Thus, waiver does not apply.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 30) be granted and this matter terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 23, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge